OPINION
Appellant Gerald Beamon appeals the trial court's decision convicting him of attempted aggravated robbery and sentencing him accordingly. Beamon assigns the following three errors for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANTS MOTION TO WITHDRAW HIS GUILTY PLEA MADE PRIOR TO SENTENCING AND THEREBY DENIED APPELLANT OF HIS RIGHT TO TRIAL AND DUE PROCESS OF LAW.
 II. APPELLANT WAS PREJUDICED WHERE COUNSEL FAILED TO FILE A MOTION TO SUPPRESS EVIDENCE ON APPELLANTS BEHALF OR COUNSEL FAILED TO SUPPORT APPELLANT'S PRO SE WITHDRAWAL OF GUILTY PLEA BEFORE SENTENCING EITHER OF WHICH CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ACCEPTED APPELLANTS PLEA WITHOUT INFORMING HIM THAT HE WAS INELIGIBLE FOR PROBATION AS REQUIRED BY CRIM. R. 11(C)(2)(a).
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On September 11, 1997, the State indicted Beamon on one count of aggravated robbery with a firearm specification and one count of having a weapon while under a disability. On October 27, 1997, Beamon pleaded guilty to an amended indictment of attempted aggravated robbery. In compliance with Criminal Rule 11, the trial court engaged in a series of questions to determine the constitutionality of Beamons plea. Subsequently, the trial court concluded Beamon voluntarily and intelligently waived his right to trial and accepted his guilty plea. The trial set the matter for sentencing.
At the sentencing hearing on December 11, 1997, Beamon attempted to withdraw his guilty plea. Beamon told the court he had been "misinformed." (Tr. 17). He believed he was eligible for probation. (Tr. 17). The court refused to accept the change of plea and sentenced appellant to a term of six (6) years in prison. This appeal followed.
The first assignment of error cannot be resolved without first discussing the third assigned error. Therefore, we will discuss the assigned errors out of order.
In his third assigned error Beamon argues the trial court failed to comply with Crim.R. 11(C) when it accepted Beamon's guilty plea. We disagree.
The purpose of Crim.R. 11 is to "convey certain information to the defendant in order to allow him or her to make a voluntary and intelligent decision of whether or not to plead guilty."State v. Gurley (June 5, 1997), Cuyahoga App. No. 70586, unreported at 3 [citing, State v. Ballard (1981), 66 Ohio St.2d 473,479-480]. "In accepting a plea of guilty, a court need only substantially comply with the requirements of Crim.R. 11. Substantial compliance means that, under the totality of the circumstances, the defendant understands the implications of the guilty plea as well as the rights he is waiving. State v. Solivan
(Sept. 4, 1997), Cuyahoga App. No. 71972, unreported.
Here, the facts showed the trial court substantially complied with Crim.R. 11 when Beamon entered his guilty plea. The trial court then enumerated the potential terms of incarceration. When a trial court refers to actual incarceration, it substantially complies with Crim.R. 11. State v. Williams (Oct. 23, 1997), Cuyahoga App. Nos. 71151, 71152, 71153, 71154, unreported. Furthermore, the trial court explained to Beamon that due to changes made by Senate Bill II, he could also be subject to post-release control. The court then explained the circumstances surrounding post-release control. Beamon acknowledged that he understood the sentencing possibilities.
Although the trial court did not specifically tell Beamon he was not eligible for probation, its compliance with Crim.R. 11 was nevertheless substantial. Thus, Beamon's guilty plea need not be vacated solely for this reason. State v. Nero (1990), 56 Ohio St.3d 106. See also State v. Hyatt (1996), 116 Ohio App.3d 418. Accordingly, we conclude the trial court substantially complied with Crim.R. 11. Beamon's third assignment of error is overruled.
In his first assignment of error, Beamon argues the trial court erred when it denied his motion to withdraw his guilty plea without conducting a hearing.
"The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."State v. Xie (1992), 62 Ohio St.3d 521 (second paragraph of syllabus). "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the courts [decision] is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting Steiner v.Custer (1940), 137 Ohio St. 448. See also State v. Bekesz (1991),75 Ohio App.3d 436, 438; and State v. Spivey (1998), 81 Ohio St.3d 405,416.
Criminal Rule 32.1 permits a defendant to withdraw a guilty plea "before sentence is imposed or imposition of sentence is suspended * * *." However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Xie at first paragraph of syllabus.
Here, the trial court sought to determine whether Beamon had a reasonable and legitimate basis for his request to withdraw his plea. The issue is whether the courts inquiry was sufficient to be considered a hearing under law.
Generally, a presentence motion to withdraw a guilty plea is freely and liberally granted. State v. Newland (1996), 113 Ohio App.3d 832, [citing. State v. Xie (1992), 62 Ohio St.3d 521]. Therefore, in deciding whether the trial court properly held a hearing, we must follow the guidelines set for postsentence motions to withdraw a guilty plea. "[A] hearing on a postsentence motion to withdraw a plea `is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.'" State v. Nathan (1995),99 Ohio App.3d 722, 725, [quoting State v. Hained (1989),63 Ohio App.3d 5, 7.
In the instant case, Beamon told the court he was misinformed. He said he thought he could receive probation. This misunderstanding arose from his belief that he had pleaded guilty to a felony three and not a felony two. The trial court responded by explaining that she told him the sentencing possibilities at that time. Thereafter, the trial court denied his motion.
Based on our review of the transcript, the trial court correctly denied Beamon's motion. The trial court allowed Beamon to state his reasons in support of his motion. However, Beamon did not explain what he meant when he claimed to have been misinformed. The trial court recalled it had explained the jail potentiality for a felony 2. The trial court then determined that no reasonable and legitimate basis existed for Beamon's plea withdrawal request. In essence the court held a hearing and concluded that Beamon's request was baseless. We, therefore, conclude the trial court did not abuse its discretion in denying Beamon's motion to withdraw his guilty plea. Beamon's first assignment of error is overruled.
In his second assignment of error, Beamon argues ineffective assistance of trial counsel. Beamon claims his counsel failed to investigate the strengths and weaknesses of his case prior to Beamon entering a plea. Beamon asserts that if his trial counsel had investigated the case the evidence of a gun may have been suppressed. Beamon also asserts his counsel failed to support his pro se guilty plea withdrawal.
A licensed attorney is presumably competent. State v. Martin
(1983), 20 Ohio App.3d 172, 174. Thus, in order to prevail on an ineffective assistance of counsel claim, the defendant must show that counsels performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 693. "Stategy and tactical decisions made by defense counsel which appear to be well within the range of professionally reasonable judgment need not be analyzed by the reviewing court for purposes of ineffective assistance of counsel claims." State v. Short (Nov. 24, 1997), Columbiana App. No. 96 CO 49, unreported.
The record does not reflect that trial counsel's performance was deficient. Beamon was originally indicted for aggravated robbery with a gun specification and having a weapon while under disability. Under the circumstances, his counsel apparently made a strategic decision to plea bargain. Pursuant to the plea agreement, the state amended the indictment to attempted aggravated robbery. Nothing in the record indicates that trial counsel did not involve Beamon in the decision-making process. Additionally, when the trial court asked whether trial counsels performance was satisfactory, Beamon replied, "Yes, ma'am." (Tr. 7). We can only conclude from the transcript that trial counsel protected Beamon's interests when he agreed to plea bargain. Additionally, Beamon has offered no evidence that the facts of his case warranted a motion to suppress the gun. From the record, trial counsel performed in his client's interest. Beamon's second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE. P.J., and SPELLACY. J., CONCUR.
PATRICIA ANN BLACKMON JUDGE