The STATE of Ohio, Appellee,

v.

BEKESZ, Appellant.

[Cite as *State v. Bekesz* (1991), 75 Ohio App.3d 436.]

Court of Appeals of Ohio,
Lake County.

No. 90–L–15–127.

Decided Aug. 5, 1991.

*Steven C. LaTourette,* Prosecuting Attorney, and *Ariana E. Tarighati,* Assistant Prosecuting Attorney, for appellee.

*James K. Farrell, Jr.,* for appellant.

---

JOSEPH E. MAHONEY, Judge.

Plaintiff-appellant, Michael W. Bekesz, was charged with three counts of aggravated robbery, in violation of R.C. 2911.01, and fleeing and eluding a police officer, in violation of R.C. 2921.331(B).

At the arraignment held on March 16, 1990, a plea of not guilty was entered on behalf of appellant, and appellant also filed a *pro se* plea of not guilty by reason of insanity. The transcript of docket indicates that appellant filed a "request for evaluation" on April 13, 1990. However, this filing is absent from the record.

On July 19, 1990, a plea hearing was held at which appellant changed his plea and entered a written plea of guilty to two counts of aggravated robbery. At this plea hearing, the trial court had an extensive exchange with appellant, pursuant to Crim.R. 11, regarding his rights and the voluntariness of his plea. Appellant assured the court he understood his rights and that his plea was voluntary. Appellant informed the court that his prior indecisiveness was over a problem at the jail which had nothing to do with the instant case. The court accepted appellant's plea and, upon defense counsel's request, referred the matter for a presentence investigation and also referred appellant to the "psychiatric clinic."

The sentencing hearing was held on August 20, 1990. Prior to being sentenced, appellant was given an opportunity to address the court. Appellant attempted to file some motions and orally made a motion to withdraw his plea. The trial court informed appellant that these motions were not appropriate at this time and would not allow appellant to withdraw his plea.

Thereafter, the trial court sentenced appellant to an indefinite term of incarceration of eight to twenty-five years on each of the two counts to be served concurrently.

Appellant has filed a timely appeal and now presents the following assignments of error:

"1. The trial court abused its discretion in failing to permit the defendant to withdraw the guilty plea prior to sentencing.

"2. The trial court erred in not referring the defendant for an evaluation regarding sanity and competency."

In the first assignment of error, appellant argues that the trial court abused its discretion in not permitting him to withdraw his guilty plea prior to sentencing when the court did not have a hearing on the matter and failed to give full and fair consideration to the plea withdrawal request.

Appellant's contention has merit.

In *State v. Peterseim* (1980), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863, the court construed a motion to withdraw a guilty plea prior to imposition of sentence under Crim.R. 32.1 and held that such motion prior to sentencing should be freely allowed. However, the court noted that despite the liberal treatment such presentence motions are afforded, the decision to deny leave to withdraw a guilty plea rests within the sound discretion of the trial court. Absent abuse of that discretion, an appellate court will not reverse the trial court's ruling on the motion. *Id.* at 213, 22 O.O.3d at 342, 428 N.E.2d at 865.

Thus, the dispositive issue herein is whether the trial court abused its discretion in denying appellant's oral motion to withdraw his guilty plea. The record demonstrates the following discussion occurred between appellant and the trial court:

"MR. BEKESZ: Your Honor, I have some motions I want to present to the Court. Objections to some of the proceedings, but you know, I don't have any of them signed or anything. I ran them over here real fast. I wanted to get them stamped because—

"THE COURT: Are these motions that have anything to do with setting aside your plea?

"MR. BEKESZ: One is the motion to dismiss. One is the motion to object to the continuance. * * * One is a motion to object to speedy trial waiver. One is a motion to continue.

"THE COURT: Do you wish to withdraw your plea, Mr. Bekesz?

"MR. BEKESZ: Your Honor, I don't know. I don't know. Does my time count still before then if I withdraw my plea?

"THE COURT: There has been a determination on these matters before, Mr. Bekesz. There has been a substantial amount of time spent on your case when you entered a plea of guilty. We expect you to be making that voluntary plea and I so found at that time that you did and we talked about it. I remember when you did this, you did a lot of thinking about it, if I recall.

"MR. BEKESZ: Yeah, because I didn't really want to do it at that time because I thought it was a no-contest plea.

"You know, I haven't even had a competency hearing, Your Honor, and legally I filed a motion for a not guilty by reason of insanity.

"THE COURT: You plead[ed] guilty, Mr. Bekesz, and I have found you guilty. I accepted your plea. I asked you, I was very specific in asking you particular questions because I knew you were concerned about the law. I know things have been filed before which have been addressed by me before. So I was rather strong and slow and careful with you, if you recall.

"MR. BEKESZ: Yes.

"THE COURT: I accepted the plea of guilty and we are here for sentencing this morning. *Motions are not appropriate at this time.* You will have, as Mr. Lawrence explained to you, you will have an opportunity to file various motions after you are sentenced. [W]hat is the next step is your sentencing. That is what is going to occur.

"Now, do you have anything else to say?

"MR. BEKESZ: I would like to have these motions in before I am sentenced, so we are on the record.

"THE COURT: *Well, filing is not appropriate at this time.* Mr. Bekesz, if you wish to file something after—I have accepted your plea, now we are here for a sentencing. Anything you wish to file, to set aside anything or for shock, these are for habeas corpus, anything you want considered, of course you can consider, and you filed quite a few things already, I believe.

"MR. BEKESZ: I filed a particular—bill of particular[s] that Mr. Lawrence filed for me. It was late so, you know, it has no standing.

"THE COURT: *I don't think there is any filing right now that will be appropriate. You have had I think 30 days or so since the plea was even taken and accepted. Both oral and written.*

"MR. BEKESZ: There is a lot of things I had to look up. I didn't have an opportunity to look in the law books and you know, I had to have stuff.

"THE COURT: When did you find these? Did you find these yesterday?

"MR. BEKESZ: No. I have been working on this, on them, because I had to write them by hand.

"THE COURT: Well, is there anything you care to say before sentencing? What you do after sentencing is up to you. I am not going to delay sentencing or anything of this matter at this moment.

"MR. BEKESZ: *Can I withdraw my plea?*

"THE COURT: *No. I won't allow you to withdraw your plea.*

"MR. BEKESZ: I can't put these objections down either?

"THE COURT: You can file anything after we are done. Not right now. *You are not going to file anything because it is not appropriate and you have had 30 days to take any action which you wished to take. Not that anything was appropriate, at that time either. You were competent at the time of the plea and understood what was going on. I accepted the plea orally and in writing. That is the way it is going to stand. I am going to sentence you now.* If you have anything else to say?

"MR. BEKESZ: Yes. Mr. Lawrence and I have had a conflict of interest. I have been trying to look up these laws and under 2945.39 it says that I am supposed to have a competency hearing before the Court wishes to accept my guilty plea.

"THE COURT: Anything else you wish to say?

"MR. BEKESZ: No, sir." (Emphasis added.)

In *Peterseim, supra,* the court held that the trial court did not abuse its discretion in denying a presentence motion to withdraw a guilty plea where: (1) the trial court went to unusual lengths to make certain that appellant fully understood the nature and consequences of the plea; (2) the appellant's attorneys were exceptionally qualified and diligent; (3) the appellant was afforded a full hearing on the motion to withdraw, permitting him to present any and all arguments in support of the motion; and (4) the court gave full, fair and careful consideration to the motion. *Id.,* 68 Ohio App.2d at 214, 22 O.O.3d at 343, 428 N.E.2d at 865.

The case *sub judice* is factually distinguishable from *Peterseim.* It is clear from the record of the sentencing hearing that appellant herein was not afforded a full hearing on his motion and the court did not display the patience and concern in giving full, fair and careful consideration to appellant's request. Furthermore, there is no evidence in the record before us to support the conclusion that appellant's attorney was "exceptionally qualified and diligent" as there was in *Peterseim.* The only clearly evident and established fact the two cases have in common is that in both cases the trial court went to unusual lengths in explaining the nature and consequences of the respective appellants' pleas, as required under Crim.R. 11.

It is clear from the exchange between the appellant and the trial court that appellant was not afforded a full hearing on his motion and was not granted full, fair and careful consideration of the same. These facts, coupled with the liberal rule that a motion to withdraw a guilty plea prior to sentencing should be freely allowed, lead us to conclude that the trial court abused its discretion

in its denial to *even consider* appellant's motion. Therefore, the first assignment of error is well taken.

■ In the second assignment of error, appellant argues that the trial court erred in not referring him for an evaluation regarding his sanity and competency.

Appellant argues that he raised the issue of competency and, therefore, he should have been afforded a hearing pursuant to R.C. 2945.37(A).

This argument is not well taken.

R.C. 2945.37(A) states in relevant part:

"In a criminal action in a court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before trial, the court *shall* hold a hearing on the issue as provided in this section. If the issue is raised after trial has begun, the court shall hold a hearing on the issue only for good cause shown.

"A defendant is presumed competent to stand trial, unless it is proved by a preponderance of the evidence in a hearing under this section that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense." (Emphasis added.)

■ Thus, a hearing on the issue of appellant's competency is mandatory only *if* it is raised prior to trial. See *State v. Bock* (1986), 28 Ohio St.3d 108, 28 OBR 207, 502 N.E.2d 1016. However, failure to hold such a mandatory hearing constitutes harmless error where the record fails to reveal sufficient indicia of incompetency. *Id.* at 110, 28 OBR at 209, 502 N.E.2d at 1018, citing *Pate v. Robinson* (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. See, also, *State v. Swigart* (Feb. 16, 1990), Portage App. No. 1934, unreported, 1990 WL 12704.

Appellant contends that the issue of competency to stand trial was properly before the court by virtue of his filing a plea of not guilty by reason of insanity and filing an alleged *pro se* request for an evaluation on April 13, 1990.

In *State v. Wilcox* (1984), 16 Ohio App.3d 273, 275, 16 OBR 298, 299, 475 N.E.2d 516, 518, the court held that "a competency hearing is not automatically mandated by virtue of a plea of not guilty by reason of insanity. In order for a competency hearing to take place, a motion for such must be made before trial commencement. In the absence of such motion, no hearing is mandated."

In *Bock, supra,* 28 Ohio St.3d at 110, 28 OBR at 210, 502 N.E.2d at 1019, the court defined "incompetency" as "defendant's inability to understand ' * * * the nature and objective of the proceedings against him or of presently assisting in his defense.' R.C. 2945.37(A)." The court explained that:

" * * * Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *Id.*

Thus, it is clear that incompetency and insanity are not synonymous.

The alleged April 13, 1990 *pro se* request for evaluation is not in the record, and it is not clear whether such alleged request for evaluation referred to appellant's alleged plea of insanity or separately raised the issue of competence to stand trial. There is nothing in the record which indicates that a specific motion requesting a competency hearing pursuant to R.C. 2945.37(A) was filed or that a competency evaluation was performed. Therefore, the right to a competency hearing was waived. *Wilcox, supra,* 16 Ohio App.3d at 275, 16 OBR at 299, 475 N.E.2d at 517. Furthermore, in the absence of a complete record, this court has no choice but to presume the validity of the proceedings below. See *Ostrander v. Parker–Fallis Insulation Co.* (1972), 29 Ohio St.2d 72, 74, 58 O.O.2d 117, 119, 278 N.E.2d 363, 365.

█ Nevertheless, even if we were to presume that the issue of competency was properly raised, the failure to hold a competency hearing would be harmless error since there are no indicia of incompetency in the record, nor does appellant identify any indicia of incompetency in his brief. In fact, the record supports the opposite conclusion. As appellee points out, appellant's ability to understand the nature and consequence of the charges against him is evidenced by the many *pro se* pleadings filed, most of which are very well written, which indicate that appellant was competent to stand trial. Therefore, the second assignment is without merit.

Based on our disposition of the first assignment of error, the judgment of the trial court is reversed and the matter is remanded for a hearing on appellant's motion to withdraw his guilty plea.

*Judgment reversed*
*and cause remanded.*

NADER, J., concurs.

CHRISTLEY, P.J., concurs in judgment only.