I respectfully dissent from the majority's disposition of the fourth assignment of error. Because the trial court did not identify any reason to deny the presentence motion to withdraw the guilty plea of the defendant who maintained his innocence, other than the fact that defendant had already accepted the plea, I believe the trial court abused its discretion under these circumstances.
In State v. Xie (1992), 62 Ohio St.3d 521, the court said that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." Id., at 527. We have likewise said that a motion to withdraw a guilty plea filed prior to sentencing should be freely allowed. See State v. Drake (1991), 73 Ohio App.3d 640;State v. Peterseim (1980), 68 Ohio App.2d 211. In ruling on such a motion, the court should at least consider whether defendant identified any legitimate grounds to withdraw the plea and whether there are legitimate grounds to deny the request: In my view, the defendant's insistence on his innocence merits more than a mere review of whether the plea colloquy complied with Crim.R. 11.[1]
In State v. Barnett (1991), 73 Ohio App.3d 244. the Montgomery County Court of Appeals held that the trial court abused its discretion when it denied the defendant's presentence motion to withdraw the guilty plea solely on the grounds that the defendant originally entered his pleas knowingly, voluntarily, and intelligently. In a discussion that is particularly relevant here, the Barnett court observed:
 In State v. Tooson (Aug. 5, 1985), Clark App. No. 2042, unreported, 1985 WL 8774, we stated that "when an individual's liberty is at stake and he has not yet been sentenced, a fact that would raise suspicions regarding sentence-shopping motives, great deference must be given to his decision to withdraw his guilty plea and face a jury of his peers.
 In State v. Taylor (June 15, 1989), Montgomery App. No. 11220, unreported, 1989 WL 68470, we held:
 "Crim.R. 11 (C) requires the trial court to conduct a specific inquiry to determine that pleas of guilty or no contest are made freely and intelligently. A meticulous procedure is required not only because a defendant thereby subjects himself to penalties but also, and most importantly, because he thereby waives his constitutionally guaranteed right to trial by jury. Proper plea acknowledgments by a defendant do not, however, preclude him from later seeking to withdraw his plea. A motion to withdraw also involves a defendant's right to trial by jury and requires the same full and fair consideration given to his plea."
 We conclude from the record before us that appellant was not given a complete and impartial hearing on the motion and that the court failed to give full and fair consideration to his request. [T]he court gave no consideration to any basis for the request and focused only on the fact that a plea had been entered.
State v. Barnett, 73 Ohio App.3d at 250-251 (emphasis added).
Similarly, in State v. Bekesz (1991), 75 Ohio App.3d 436, the Lake County Court of Appeals held that the trial court abused its discretion when it denied defendant's presentence plea withdrawal motion even though the lower court "went to unusual lengths in explaining the nature and consequences of the [appellant's plea], as required under Crim.R. 11." Id., 75 Ohio App.3d at 440. The court ruled:
 It is clear from the exchange between the appellant and the trial court that appellant was not afforded a full hearing on his motion and was not granted full, fair and careful consideration of the same. These facts, coupled with the liberal rule that a motion to withdraw a guilty plea prior to sentencing should be freely allowed, lead us to conclude that the trial court abused its discretion in its denial to even consider appellant's motion.
Bekesz, 75 Ohio App.3d at 440-441 (emphasis in original).
In the case at bar, the record suggests that the trial court's only apparent reason for denying the defendant's presentence motion to withdraw his guilty plea was that the defendant had previously entered his guilty pleas knowingly, voluntarily, and intelligently. The majority's opinion says almost in passing that the trial court also considered the defendant's presentence report, but neither the trial court nor the majority explains how anything in that report justified the decision to deny the withdrawal motion. In any event, the mere fact that the defendant entered guilty pleas does not preclude him from withdrawing those pleas before being sentenced. While the defendant seemingly may have received a favorable plea bargain, it remained his prerogative to exercise his right to trial by jury.
When faced with a plea withdrawal motion, "the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Xie, 62 Ohio St. 3
d at 527. The court is thus obliged to balance the legitimate reasons favoring withdrawal against any legitimate reasons in opposition. The motion may be denied even though the defendant did not fully appreciate the consequence of the plea. See, e.g.,State v. Xie, supra (denying plea withdrawal notwithstanding counsel's misinformation concerning defendant's parole eligibility); State v. Sabatino (1995), 102 Ohio App.3d 483
(denying plea withdrawal that was based on defendant's mistaken belief as to consequence of guilty plea); State v. Drake, supra
(denying plea withdrawal, sought not on the basis of defendant's claimed innocence but rather on mistaken belief that there would be a reduction in the charge). Considerations may also include witness unavailability and other scheduling matters. See State v.Lambros (1988), 44 Ohio App.3d 102.
But nothing in the record in this case suggests that the court balanced competing considerations before denying the defendant's presentence plea withdrawal motion. Neither the trial court nor the majority opinion has identified any legitimate reason to deny the defendant's motion. The only apparent reason for the trial court's decision is the fact that the defendant had previously accepted the plea. I agree with the Montgomery and Lake County Courts of Appeals that this fact alone is insufficient to overcome the defendant's right to have his guilt or innocence determined by trial.
Because prior to sentencing the defendant sought to withdraw his guilty pleas and claimed that he was innocent and because the record does not suggest any legitimate reason for denying his request, I believe that the trial court abused its discretion in denying defendant's presentence motion to withdraw his guilty pleas. I would sustain the fourth assignment of error, reverse the judgment, and remand the matter for further proceedings.
[1] Had the defendant maintained his innocence at the time that he entered his guilty pleas, the trial court would have been obliged either to make further inquiry of him before accepting such an Alford plea or allow him to withdraw the plea. See NorthCarolina v. Alford (1971), 400 U.S. 25; State v. Hayes (1995),101 Ohio App.3d 73; State v. Casale (1986), 34 Ohio App.3d 339.