JOURNAL ENTRY AND OPINION
Appellant, Bayshun East, is appealing his conviction for one count of felonious assault, with police officer specifications. For the following reasons, we affirm.
Appellant was charged with four counts of felonious assault, with police officer specifications, two counts of vandalism and one count of failure to comply with the order of a police officer. Appellant was represented by Kathy Thomas. Before the trial, appellant told the court he was dissatisfied with his counsel. Appellant said Ms. Thomas failed to file motions and subpoena witnesses and has not kept him informed. Appellant requested that he represent himself, with the aid of an advisor. The trial court allowed appellant to represent himself and appointed Kathy Thomas as his advisor. He ordered Ms. Thomas to subpoena the witnesses.
At trial, Detective Fulmer, Detective Cudo, Officer Slobodian and Officer Graham testified. The testimony of these police officers revealed that Detective Fulmer and Detective Cudo approached appellant's vehicle for traffic violations. Appellant tried to run over the detectives several times. Appellant then drove away, sideswiping the detectives' car.
The officers further testified that appellant drove eastbound on Cedar. Another police car was coming westbound on Cedar. Appellant crossed the center line and drove head on at the police car. The police car swerved, but the side of the car was struck by appellant's vehicle. Appellant led the police on a high speed chase. The police lost appellant, but soon located his vehicle. Appellant was later apprehended, with the car keys in his pocket.
After the state presented its evidence, the state offered appellant a plea agreement. If appellant would plead guilty to one count of felonious assault with police officer specifications, the remaining counts would be dropped. Appellant was informed of the possible penalties. The judge discussed with appellant the consequences of his plea, and the rights he was waiving. Appellant pleaded guilty to one count of felonious assault with police officer specifications.
At the sentencing hearing, the court appointed Ross Paul to represent appellant. Appellant said he did not think Mr. Paul had his best interests at heart. Mr. Paul explained his discussions with appellant to the court. Ross Paul had discussed double jeopardy and other issues with appellant.
Appellant stated that he wanted to withdraw his plea, because he was confused when he made the plea and because he was not guilty. Appellant gave his version of the facts. He said his trial was not fair, because he was not given a chance to get copies of statements and exhibits. The record does not indicate that appellant requested any copies. The court found that it had complied with Crim.R. 11 and appellant had knowingly and voluntarily pled guilty.
The court stated that appellant had four prior juvenile adjudications. Appellant said he been in juvenile court only once for being an unruly child. Appellant admitted adult convictions for two counts of drug trafficking; drug abuse, escape and attempted escape. The court sentenced appellant to seven years incarceration because of his prior juvenile and adult record and lack of remorse.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FAILED TO PROPERLY CONDUCT A HEARING UPON THE DEFENDANT-APPELLANT'S PRESENTENCE ORAL MOTION TO WITHDRAW HIS PLEA OF GUILTY.
The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521. If a defendant moves to withdraw a guilty plea prior to sentencing, the court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. The trial court does not abuse its discretion in denying a presentence motion to withdraw a guilty plea where:
 (1) the trial court went to unusual lengths to make certain that appellant fully understood the nature and consequences of the plea; (2) the appellant's attorneys were exceptionally qualified and diligent; (3) the appellant was afforded a full hearing on the motion to withdraw, permitting him to present any and all arguments in support of the motion; and (4) the court gave full, fair and careful consideration to the motion.
State v. Peterseim (1980), 68 Ohio App.2d 211, 214. If the trial court refuses to even consider a motion to withdraw a guilty plea, the trial court abuses its discretion. State v. Bekesz (1991), 75 Ohio App.3d 436.
In this case, the trial court fully complied with Crim.R. 11. Appellant knowingly and voluntarily chose to represent himself at the plea hearing. Appellant had an attorney present to give him advice. At the sentencing hearing, appellant was represented by counsel. He was given every opportunity to argue why he wished to withdraw his plea. Appellant never referred to any evidence he would have presented to show his plea was unfairly induced. Appellant's arguments amounted to little more than a mere change of heart, which is insufficient justification to withdraw a guilty plea. See State v. Drake (1991), 73 Ohio App.3d 640. The record indicates that the trial court gave full consideration to the motion to withdraw. The trial court did not abuse its discretion in denying appellant's motion to withdraw his plea.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FAILED TO ALLOW DEFENSE COUNSEL AND DEFENDANT-APPELLANT TO REVIEW AND COMMENT ON THE PRE-SENTENCE INVESTIGATION REPORT AS MANDATED BY R.C. 2951.03 PRIOR TO SENTENCING DEFENDANT-APPELLANT.
The court, at a reasonable time before sentencing, shall permit the defendant or the defendant's counsel to read the pre-sentence investigation report. R.C. 2951.03(B)(1); State v. Cook (1998),83 Ohio St.3d 404. The record does not indicate that the trial court did not afford appellant an opportunity to read the presentence investigation report. Appellant stated at sentencing that the juvenile adjudications were incorrect. Appellant did not state that he was denied access to the presentence report.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________ ANN DYKE, J.:
MICHAEL J. CORRIGAN, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.