OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. The Appellant David Bellatto appeals the decision of the Mahoning County Court of Common Pleas convicting him of one count of felonious assault, one count of attempted aggravated burglary, and two counts of domestic violence. Bellatto was ordered to serve eight years for felonious assault and eight years on the aggravated burglary which were to run concurrently, and twelve months for each count of domestic violence to run consecutively to each other and consecutive to the eight year sentence. Bellatto asks us to decide whether he was denied his right to a speedy trial and whether the trial court should have conducted a competency hearing. Because Bellatto pleaded guilty on all counts, we conclude he waived his speedy trial rights. Similarly, because Bellatto withdrew his initial plea of not guilty by reason of insanity, we conclude he waived his initial request for a competency hearing. Therefore, we affirm the decision of the trial court.
 {¶ 2} On August 15, 1999, Bellatto went to the home where his wife was staying with their two children. Bellatto entered without permission and stabbed his wife twenty-two times with a knife. He struck one of his daughters in the face and cut her finger with the knife. He then struck his other daughter in the face. He left the home after being warned the police had been called.
 {¶ 3} The Mahoning County Grand Jury indicted Bellatto for one count of attempted murder, one count of aggravated burglary and two counts of domestic violence. On September 28, 1999, Bellatto entered a plea of not guilty and not guilty by reason of insanity. The defendant was evaluated by an expert and found to be sane at the time of the offense. The trial court then found Bellatto to be sane and scheduled the case for a jury trial. Due to the court's unavailability on January 3, 2000, the trial court rescheduled the trial for January 26, 2000.
 {¶ 4} On January 6, 2000, Bellatto requested the appointment of an independent expert to evaluate his sanity. The trial court granted the motion and ordered the trial be continued pending the expert opinion. Defense counsel then requested a continuance due to a conflict in her schedule which was granted. The trial court then ordered the matter continued due to its involvement in another trial.
 {¶ 5} On March 21, 2000, the trial court noted its receipt of the second evaluation of Bellatto's sanity. Again the trial court found Bellatto to be sane at the time of the offense. On March 29, 2000, Bellatto withdrew his original pleas and entered a plea of guilty to an amended charge of felonious assault, attempted aggravated burglary and two counts of domestic violence.
 {¶ 6} The trial court noted on the record its receipt of a letter sent by Bellatto on April 24, 2000 addressing his concerns regarding speedy trial issues. The court construed the letter as a motion to dismiss and overruled that motion. The trial court then proceeded to sentencing. Bellatto now appeals the decision convicting him on all three counts.
 {¶ 7} As his first of two assignments of error, Bellatto asserts:
 {¶ 8} "Charges against defendant should be dismissed in that defendant was denied his right to a speedy trial in violation of U.S. Const. Amend. VI of the United States Constitution."
 {¶ 9} Bellatto states he was held in jail from the time of his arrest to the date of entering a plea for two hundred and ten days, which is beyond the ninety-day limit for someone who is incarcerated on those charges and those charges alone. See R.C. 2945.71. However, by pleading guilty, we conclude Bellatto waived his right to a speedy trial and in doing so has also waived this argument for appeal. The Ohio Supreme Court stated in State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658:
 {¶ 10} "In discussing a defendant's speedy trial rights, this court in Montpelier v. Greeno (1986), 25 Ohio St.3d 170, 25 OBR 212,495 N.E.2d 581, held that `where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal.' See, also, Partsch v. Haskins (1963), 175 Ohio St. 139, 141, 23 O.O.2d 419, 420, 191 N.E.2d 922, 923 (`even assuming petitioner had made a demand for a speedy trial, when he entered his plea of guilty * * *, it amounted to a withdrawal of such demand and waived his right to insist on * * * a speedy trial'); State v. Branch (1983), 9 Ohio App.3d 160, 9 OBR 226, 458 N.E.2d 1287. Thus, we reaffirm the conclusion reached by a majority of this court previously, that a guilty plea waives a defendant's right to challenge his conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2)." Id. at 130.
 {¶ 11} In the present case, Bellatto has not challenged the knowingness or voluntariness of his plea. Admittedly, Bellatto sent a letter to the trial court addressing his right to a speedy trial. However, we find it significant that he did so only after he had pleaded guilty to all counts, which we conclude waived his right to a speedy trial. Accordingly, his first assignment of error is meritless.
 {¶ 12} As his second assignment of error, Bellatto asserts:
 {¶ 13} "Defendant was denied his constitutional right to a fair trial under the due process clause of the United States Constitution Amend. XIV."
 {¶ 14} More specifically, Bellatto claims the trial court erred by not addressing his competency to stand trial, despite the fact he underwent two sanity evaluations and was deemed sane at the time of the offense. R.C. 2945.37, governing competency hearings, states:
 {¶ 15} "(B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.
 {¶ 16} "(C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation * * *." Id.
 {¶ 17} Once a plea of not guilty by reason of insanity is entered, defendant's counsel must file a motion for a competency hearing. State v. Bekesz (1991), 75 Ohio App.3d 436, 441, 599 N.E.2d 803. Failure to file a pretrial motion for a competency hearing waives the right to such a hearing. Id. at 442. Further, a defendant affirmatively waives his right to a previously requested competency hearing when he withdraws his plea of not guilty by reason of insanity. State v. Eley
(1996), 77 Ohio St.3d 174, 183, 672 N.E.2d 640. The Supreme Court of Ohio has also held that the right to a competency hearing rises to the level of a constitutional guarantee only when the record contains sufficient indicia of incompetence. State v. Smith (2000), 89 Ohio St.3d 323, 329,731 N.E.2d 645.
 {¶ 18} Bellatto acknowledges that he was determined to be sane at the time he committed the offenses. However, Bellatto argues a distinction must be made between insanity and competence, and that the two experts that examined him did not explore the issue of competence. Notably, Bellato withdrew his plea of not guilty by reason of insanity. Even more importantly, his trial counsel stated on the record at his sentencing hearing:
 {¶ 19} "He functions less than at the normal level and has some psychological deficiencies, although he is competent to stand trial. There are no impediments in that legal area."
 {¶ 20} Moreover, a painstaking review of the record reveals no indicia of incompetency necessitating a hearing. Bellatto was thoroughly questioned by the trial court regarding the acceptance of his plea and was also given the opportunity to speak on his behalf at the sentencing hearing. At no time did there appear to be any indication Bellatto was incapable of assisting his attorney in his defense.
 {¶ 21} Still, Bellatto argues in his brief that because of his long-term alcohol and drug abuse he could not clearly remember stabbing his wife. However, the two experts that examined Bellatto found him to be sane at the time of the offense. It appears from Bellatto's brief he has confused the potential lessening of culpability for his actions with the ability to stand trial. More specifically, Bellato argues in his brief:
 {¶ 22} "Mr. Bellato, who could not remember the commission of the crime and other acts of violence was under the influence of either drugs or alcohol or both combined with his prescriptions, could hardly cooperate with his counsel in providing a meaningful defense."
 {¶ 23} In light of Bellatto's waiver of a competency hearing, the lack of any indication of incompetency in the record, in addition to his counsel's statements on the record, we conclude the trial court did not abuse its discretion by not holding a competency hearing at the time Bellatto entered his guilty plea. Bellatto's second assignment of error is also meritless.
 {¶ 24} Accordingly, the decision of the trial court is affirmed.
Judgment affirmed.
Waite, P.J., and Vukovich, J., concur.