DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Markita Humphrey, was convicted of complicity in the commission of robbery, a felony of the second degree. For the reasons that follow, we affirm appellant's conviction.
 {¶ 2} Appellant asserts the following assignments of error:
 {¶ 3} "I. Humphrey's conviction was against the manifest weight of the evidence.
 {¶ 4} "II. Humphrey's conviction was not supported by sufficient competent evidence.
 {¶ 5} "III. Humphrey's competency should have been evaluated prior to trial."
 {¶ 6} Appellant was arrested on December 22, 2003, after she was observed shoplifting from the J.C. Penney's store in Toledo, Ohio. On April 20, 2004, she was indicted for complicity in the commission of robbery, a violation of R.C. 2923.03(A)(2) and R.C.2911.02(A)(2). A jury trial commenced on March 28, 2005.
 {¶ 7} Bradley Baker, a loss prevention officer for J.C. Penney's, testified that he was on duty in the early evening hours of December 22, 2003. While monitoring a closed circuit television in an office, Baker noticed two women. One was pushing a cart full of merchandise and the other woman was carrying a large J.C. Penney's bag. Baker identified appellant as the woman carrying the bag. Baker watched as the two women walked to the back of the store. The woman with the cart picked up a rug. Baker testified that it was obvious to him she was trying to hide something from view by using the rug. He then watched as appellant removed some merchandise from the cart and placed it in her bag. Her companion then put the rug back on the shelf and the two women made their way towards the front of the store. For a brief moment, appellant stepped out of the camera's view. Baker continued to watch the other woman who was now in possession of the bag. He testified that she went to the cash register and placed some items on the counter. She had a discussion with one of the sales associates, talked on her cell phone and then headed for the exit with the bag of merchandise she had not purchased.
 {¶ 8} Eric Macek, a loss prevention officer for J.C. Penney's, testified that he was with Bradley Baker on December 22, 2003, watching the same women on the closed circuit television. Macek testified that when they became suspicious of the two women, he left the office to go to the floor of the store. On his way to the floor he radioed fellow loss prevention officer, Sarah Casey. The two officers positioned themselves outside of the building and remained in radio contact with Baker. Baker informed them that one of the women was leaving the store with a bag of unpaid merchandise. As the woman walked out of the store, the officers confronted her and told her to go back inside. At that moment, appellant, in a parked car, began yelling at the officers. The woman with the bag dropped it and attempted to run away. The officers struggled with her, trying to place her in handcuffs. Macek testified that during the struggle, appellant approached the officers and sprayed them with pepper spray. This caused the officers to lose their grip on the other woman and she fled from the store with appellant in a dark colored SUV. In the bag left behind, the officers found merchandise totaling over $500.
 {¶ 9} J.C. Penney's employee Victor Lopez testified that he was assisting a customer when he witnessed the pepper spray incident. He also testified that he was able to record the license number of the dark SUV. Lopez testified that the plate read "baddestb." State's exhibit 8, admitted into evidence, was a certified copy of an Ohio Bureau of Motor Vehicles report showing that the license plate was registered to appellant.
 {¶ 10} Sarah Casey testified that on January 12, 2004, she identified appellant from a Toledo Police Department photo array as the woman who sprayed her with pepper spray on December 22, 2003.
 {¶ 11} Appellant testified that on December 22, 2003, she went to the J.C. Penney's store where she ran into family friend, Leslie Greene. Greene asked for appellant's help in picking out a rug. Appellant testified she walked around the store with Greene but did not put any merchandise into a bag. She also testified she did not see Greene place any merchandise into the bag. Appellant allowed Greene to borrow her cell phone and she left the store to wait for Greene in her car. While waiting, appellant testified she witnessed two people rush up to Greene and slam her against a car. Appellant then left the parking lot because she had to get to work. She testified that Greene did not leave with her and she denied having pepper spray.
 {¶ 12} On March 29, 2004, the jury found appellant guilty. She was sentenced to three years of community control.
 {¶ 13} In her first assignment of error, appellant contends that her conviction is against the manifest weight of the evidence. The "weight of the evidence" refers to the jury's resolution of conflicting testimony. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "* * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id.
 {¶ 14} Jurors can pick and choose what they wish to believe. The jurors in this case obviously chose to believe the version of events as relayed by the loss prevention officers. On review, we cannot say that in doing so the jury clearly lost its way or perpetrated a manifest miscarriage of justice. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 15} In her second assignment of error, appellant contends that her conviction was not supported by sufficient, competent evidence.
 {¶ 16} In reviewing a sufficiency of the evidence claim, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found all the essential elements of the crime proven beyond a reasonable doubt. State v. Jones, 90 Ohio St.3d 403, 417,2000-Ohio-187, citing Jackson v. Virginia (1979), 443 U.S. 307,319, and State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." State v. Tompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52.
 {¶ 17} Appellant was convicted of complicity in the commission of robbery. The pertinent elements of robbery, a violation of R.C. 2911.02 are as follows:
 {¶ 18} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 19} "* * *
 {¶ 20} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;"
 {¶ 21} The elements of complicity, a violation of 2923.03(A)(2), are as follows:
 {¶ 22} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 23} "* * *
 {¶ 24} "(2) Aid or abet another in committing the offense;"
 {¶ 25} In addition to the testimony from loss prevention officer Bradley Baker wherein he described the actions of appellant and Greene, the jury viewed state's exhibit 1, the store surveillance tape showing the movements of appellant and Greene as described by Baker. This evidence, if believed, along with the testimony of Sarah Casey identifying appellant as the person who doused her with pepper spray, was clearly sufficient to support appellant's conviction. Appellant's second assignment of error is found not well-taken.
 {¶ 26} Finally, appellant contends that her competency should have been evaluated before trial. Appellant correctly points out that the issue of her competency was not raised below and therefore must be reviewed by this court under the plain error standard.
 {¶ 27} To prevail on a claim governed by the plain error standard, appellant must demonstrate that the trial outcome would have been clearly different but for the alleged errors. State v.Waddell (1996), 75 Ohio St.3d 163, 166. To state it otherwise, the defect must be obvious, affect substantial rights, and influence the trial's outcome.
 {¶ 28} Initially we note that a defendant is presumed to be competent to stand trial. R.C. 2945.37(G). A hearing on a defendant's competency is only mandatory if the issue is raised prior to trial. State v. Bekesz (1991), 75 Ohio App.3d 436,441. Even when a hearing is mandatory, "[t]he failure to hold a competency hearing is harmless error where the defendant proceeds to participate in the trial, offers his own testimony in defense and is subject to cross-examination, and the record fails to reveal sufficient indicia of incompetency." State v. Bock
(1986), 28 Ohio St.3d 108, paragraph one of the syllabus.
 {¶ 29} At trial, appellant took the stand in her own defense and delivered her version of the events in a coherent manner. She was also subject to cross examination. Finding no sufficient indicia of incompetency in the record before us, appellant's third assignment of error is found not well-taken.
 {¶ 30} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J. Skow, J. Parish, J. concur.