[Cite as *State v. Montgomery*, 2017-Ohio-1414.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2016-A-0057 and 2016-A-0058** |
| DOUGLAS L. MONTGOMERY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case Nos. 2016 CR 00081 and 2016 CR 00083.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Hiener,* P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}     Defendant-appellant, Douglas L. Montgomery, appeals from the judgment of the Ashtabula County Court of Common Pleas, denying his Motions to Withdraw his guilty pleas.  The issue to be determined by this court is whether the denial of a defendant's presentence motion to withdraw his guilty plea is an abuse of discretion when the trial court allowed the defendant to state his reasons for withdrawal, relied on statements made at the plea hearing to support its decision to deny the motion, and did

not make a specific finding regarding the adequacy of the defendant's attorney. For the following reasons, we affirm the decision of the lower court.

{¶2}  On March 2, 2016, in Ashtabula Court of Common Pleas Case No. 16 CR 00081, Montgomery was indicted for Domestic Violence, a felony of the third degree, in violation of R.C. 2919.25(A) and (D)(4), and Criminal Damaging, a misdemeanor of the second degree, in violation of R.C. 2909.06(A)(1). On the same date, in Case No. 2016 CR 00083, he was indicted for Retaliation, a felony of the third degree, in violation of R.C. 2921.05(A).

{¶3}  A plea hearing for both cases was held on July 5, 2016. The State agreed that Montgomery would enter pleas of guilty to Domestic Violence and an amended charge of Attempted Retaliation and the remaining charge would be dismissed.[1] Written Pleas of Guilty signed by Montgomery indicated the maximum potential punishments and outlined the rights being waived by entering the pleas.

{¶4}  At the hearing, Montgomery stated that he understood his rights and had not been threatened or promised anything in exchange for his pleas, aside from a recommendation to the court to allow a personal recognizance bond. He indicated that he had sufficient time to discuss the case with his attorney, who answered all of Montgomery's questions. When asked whether he was satisfied with counsel, he responded "so far, yes." Montgomery indicated that he would plead "no contest," and the court noted that the written pleas stated "guilty." Montgomery changed his pleas to guilty, was asked if he was "sure" and responded affirmatively.

---

1. Montgomery also had pending at that time a separate case, 2016 CR 00082, which the State agreed to dismiss under the plea agreement.

**{¶5}** The court inquired about the factual basis for the pleas. In relation to the Domestic Violence charge, Montgomery admitted to pushing the victim off of him but not hitting her. Regarding the Attempted Retaliation, he denied the allegation that he threatened a magistrate. The court reminded Montgomery that he sought to enter guilty pleas. Montgomery indicated that he had cancer and other concerns and felt this "was the best thing in my interest." The State gave alternate versions of the events, stating that Montgomery punched the domestic violence victim and threatened to "F [a magistrate] up." The court explained that it wanted to ensure Montgomery wished to enter his pleas in light of this discussion. Montgomery stated that he wished to proceed. The court accepted his guilty pleas and issued July 8, 2016 Judgment Entries memorializing this acceptance.

**{¶6}** On September 9, 2016, Montgomery filed Motions to Withdraw his guilty pleas.

**{¶7}** On the same date, the sentencing hearing was held. Prior to sentencing, the motions were addressed and Montgomery was asked to provide his reasons for seeking to withdraw his pleas. Montgomery explained that he was innocent and had not wanted to enter the pleas "to begin with." He stated "I was told something totally different" when speaking with his attorney, although he did not further explain this statement. He reiterated that he was innocent and was talked into taking the pleas by counsel. The court noted that it had fully discussed the pleas with Montgomery, they were knowingly, intelligently and voluntarily entered, and no grounds were demonstrated to withdraw the pleas.

3

{¶8}   The court issued Judgment Entries of Sentence on September 13, 2016, finding that "the defendant has failed to establish good cause upon which to withdraw his plea."   Montgomery was sentenced to a prison term of 18 months for Attempted Retaliation, to be served concurrently with a sentence of 36 months for Domestic Violence.

{¶9}   Montgomery timely appeals and raises the following assignment of error:

{¶10}   "The trial court erred to the prejudice of the appellant when it denied his motion to withdraw his guilty plea."

{¶11}   Montgomery argues that the trial court abused its discretion in denying his Motions to Withdraw his guilty pleas, since the trial court did not satisfy all of the factors found in *State v. Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980).

{¶12}   Under Crim.R. 32.1, a defendant may file a motion to withdraw a plea of guilty before sentence is imposed.   A presentence motion to withdraw a plea "should be freely and liberally granted."   *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).   The Supreme Court has recognized that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing," but "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."   *Id.* at paragraph one of the syllabus.

{¶13}   "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."   (Citation omitted.)   *State v. Holin,* 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 15 (11th Dist.); *State v. Bisson,* 11th Dist. Portage No. 2012-P-0050, 2013-Ohio-2141, ¶ 23 ("since the determination of

4

a motion to withdraw lies within the trial court's sound discretion, the scope of our appellate review is limited to an 'abuse-of-discretion' analysis").

{¶14} This court has applied the four-factor test set forth in *Peterseim* to determine whether a trial court has abused its discretion in denying a presentence motion to withdraw a plea. *State v. Parham,* 11th Dist. Portage No. 2011-P-0017, 2012-Ohio-2833, ¶ 19. Under *Peterseim,* a trial court does not abuse its discretion in denying a motion to withdraw a plea: "(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." 68 Ohio App.2d 211, 428 N.E.2d 863, at paragraph three of the syllabus.

{¶15} Montgomery does not contest the second factor, that there was a full hearing, pursuant to Crim.R. 11 before he entered his pleas. This hearing was thorough and fully addressed each of the rights Montgomery was giving up, with the court verifying that he understood these and was choosing to enter guilty pleas. Montgomery takes issue, however, with the remaining factors.

{¶16} First, he contends that the trial court "failed to address whether [he] was represented by highly competent counsel." With respect to this factor, courts have held that, "[g]enerally, a properly licensed attorney practicing in this state is presumed to be competent." *State v. Brandon,* 11th Dist. Portage No. 2009-P-0071, 2010-Ohio-6251, ¶ 19; *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. At the plea hearing, Montgomery confirmed that he did not have any problems with his

5

counsel; he was able to consult with counsel on multiple occasions; that counsel was able to address his questions; and no threats, promises or inducements were made in order to get him to plead guilty. While he contends that his attorney "talked him into taking a plea," this is contrary to the representations he made at the plea hearing. While he also claimed that counsel was ineffective due to failure to raise speedy trial issues, this is not an argument he raises on appeal. Montgomery did not otherwise contend that counsel was incompetent or failed to advise him of his rights. The fact that he conveyed satisfaction with counsel at that time and provides no other grounds to rebut the presumption that counsel was effective supports a finding that counsel was competent. *See State v. Field*, 11th Dist. Geauga No. 2011-G-3010, 2012-Ohio-5221, ¶ 14. Rather, it appears that Montgomery merely changed his mind, which does not justify withdrawal of his pleas. *State v. Battersby,* 11th Dist. Lake No. 2007-L-023, 2008-Ohio-836, ¶ 59 ("[a] defendant is not entitled to withdraw his * * * plea merely because he has changed his mind") (citation omitted).

{¶17} There is also no question that a hearing was held on the motion to withdraw his pleas, prior to sentencing. "Inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing can constitute a full and fair hearing on that motion." *State v. Greenleaf,* 11th Dist. Portage No. 2005-P-0017, 2006-Ohio-4317, ¶ 78. Montgomery does not dispute that a hearing was held but instead argues he was only permitted to make a statement and the court did not inquire further into why he wished to withdraw the pleas. In his estimation, this was not an adequate and impartial hearing and no full and fair consideration was given to his motion.

6

{¶18} As to these issues, Montgomery was given an opportunity to explain the reasons he believed his pleas should be withdrawn. He was not interrupted or otherwise prevented from doing so. He asserted that he was innocent and that he was "talked into" entering the pleas by counsel. The court had the opportunity to consider these arguments and, as the court noted, it also considered the facts and circumstances that took place at the plea hearing. This allowed it to have a clear picture of the events that occurred, including that Montgomery was given opportunities not to plead at the original hearing when he made statements in support of his innocence and the foregoing statements that he was not coerced or otherwise induced into pleading guilty.

{¶19} Montgomery emphasizes his assertion that he was "railroaded." This was not supported by any evidence or allegations of what actions were taken to "railroad" him, other than that his attorney "talked him into" entering the pleas, which is contrary to his statements at the plea hearing. "[B]old assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit" in plea hearings. (Citations omitted.) *State v. Robinson*, 11th Dist. Ashtabula No. 2003-A-0125, 2005-Ohio-5287, ¶ 11, quoting *State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 WL 42253, 1 (Apr. 27, 1989).

{¶20} Montgomery cites *State v. Bekesz*, 75 Ohio App.3d 436, 599 N.E.2d 803 (11th Dist.1991), in support of the proposition that he did not receive an adequate hearing and the motions were not given full and fair consideration. In *Bekesz*, prior to the sentencing hearing, the court did not allow the appellant to testify regarding his motion or allow him to present any argument in favor of his request to withdraw, repeatedly stating that motions could not be filed or pursued during that time. This was,

in essence, a refusal to consider appellant's motion to withdraw his plea. *Id.* at 438-440. The present case is distinguishable, since Montgomery was permitted to present argument in support of his Motions. *State v. Kornet*, 11th Dist. Portage No. 2013-P-0001, 2013-Ohio-3480, ¶ 36. Although Montgomery believes the court should have inquired further into his circumstances, he cites to no authority requiring the court to ask questions to help establish the merits of the defendant's motion to withdraw his plea.

{¶21} Given the foregoing circumstances, the court provided Montgomery with both a complete and impartial hearing and full and fair consideration of the merits of his motion. *See State v. Miller,* 11th Dist. Portage No. 2009-P-0090, 2011-Ohio-1161, ¶ 29 (the court's decision to overrule the motion to withdraw a plea was fair and informed when a hearing was held at which the trial court heard the defendant's allegations and considered them in light of the evidence and testimony presented). Consequently, all *Peterseim* factors were satisfied. The trial court did not abuse its discretion in denying Montgomery's Motions to Withdraw his pleas.

{¶22} The sole assignment of error is without merit.

{¶23} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, denying Montgomery's Motions to Withdraw his guilty pleas, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.

8