McCANE, JR., APPELLANT, *v.* ALVIS, WARDEN, APPELLEE.

(No. 5060—Decided September 24, 1954.)

Mr. *Alexander H. Martin,* for appellant.

Mr. *C. William O'Neill,* attorney general, Mr. *Hugh A. Sherer* and Mr. *Thomas R. Lloyd,* for appellee.

MILLER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court denying the petitioner, appellant herein, a writ of habeas corpus. The record discloses that the trial court made a separate finding of facts and conclusions of law, and it is urged that the court erred in its legal conclusions.

It appears that the petitioner was indicted on January 21, 1950, on the charge of armed robbery, five counts; that counsel was duly appointed for him before trial; and that upon advice of counsel a plea of guilty was entered and sentence was then pronounced. The only ground of substance urged by counsel for appellant is that at the time of trial the appellant was mentally unable to understand the offense with which he was charged. In support of this charge it appears that on January 26, 1950, he was adjudged by a duly authorized judicatory of the United States Army to be "a basically feeble-minded individual but showing suggestive evidence of mental condition superimposed on his mental deficiency. This condition has existed for a number of months since * * * July, 1945."

The adjudication recites further that in March 1946, he was charged in Cuyahoga County with an offense and that upon the suggestion of insanity being made he was committed to the Lima State Hospital. The hospital authorities reported to the court that he was, "innately feeble-minded and that his present mental condition is superimposed upon basic intellectual deficiency."

On January 29, 1949, he was returned to the Com-

mon Pleas Court of Cuyahoga County for further proceedings in the criminal action and upon hearing being had he was found guilty, the imposition of sentence was suspended and he was placed on probation for a period of two years. It was while he was on probation that the offense was committed for which he is now being punished.

The record discloses further that on June 13, 1951, a guardian was duly appointed for him by the Probate Court of Cuyahoga County. When the case came on for trial no suggestion of insanity was made to the Court of Common Pleas in accordance with Section 13441-1, General Code, but instead a plea of guilty was offered and sentence pronounced accordingly. The right the plaintiff had to a sanity hearing was waived by his plea of guilty. The fact that he was under guardianship at the time does not exempt him from prosecution for his criminal acts. This as well as the findings made by the army authorities are only evidence which may be considered by the jury in passing upon his sanity. *Wheeler* v. *State,* 34 Ohio St., 394, 32 Am. Rep., 372.

It is our conclusion that the trial court properly acquired jurisdiction over the appellant; that his mental condition was not at the time of trial such as to prevent him from having a fair trial; and that, therefore, none of his constitutional rights and privileges was invaded.

Since we find no error in the record, the judgment will be affirmed.

*Judgment affirmed.*

Wiseman, P. J., and Hornbeck, J., concur.