THE STATE OF OHIO, APPELLEE, *v.* WILCOX, APPELLANT.

274

(No. 3272—Decided May 28, 1984.)

*Mr. Wyatt McKay,* assistant prosecuting attorney, for appellee.

*Mr. Eugene Fehr,* for appellant.

DONOFRIO, J. This is an appeal from the Court of Common Pleas of Trumbull County, Ohio.

Defendant-appellant, Donald W. Wilcox, was indicted on five counts: aggravated murder, R.C. 2903.01(B); two counts of kidnapping, R.C. 2905.01; and two counts of rape, R.C. 2907.02. The appellant pled not guilty and not guilty by reason of insanity. Included in his insanity plea was a request for a psychiatric evaluation to show that he was legally insane at the time he committed the alleged acts. The trial court ordered a forensic exam, granted the appellant's motion to have Dr. James Giannini conduct an exam, and ordered further psychiatric evaluation by other doctors.

Trial was had and the appellant found guilty on all counts except for the charge of rape. The appellant moved for a new trial largely based on the weight of the evidence; the motion was denied. On appeal to this court, the decision of the trial court was affirmed. *State* v. *Wilcox* (Sept. 28, 1981), Trumbull App. No. 2844, unreported. Appellant's appeal to the Ohio Supreme Court was also denied (case No. 81-1760).

On March 31, 1983, the appellant filed a petition for post-conviction relief. On May 25, 1983, the appellant's petition was denied.

It is from the denial of this petition that the appellant appeals. At the time that the appellant filed a written notice of plea of not guilty by reason of insanity, pursuant to R.C. 2945.39, the court properly issued a court order for forensic examination of appellant. This examination was to determine the sanity of the appellant at the time of the criminal conduct. The issue of insanity at the time of the offenses was litigated and submitted to the jury at trial.

Appellant's one assignment of error states:

"The appellant was denied due process of law as guaranteed him by the Fourteenth Amendment to the United States Constitution by the court's failure to properly determine his competency to stand trial."

In this regard the trial court found, as stated in its findings of fact and conclusions of law:

"The issue of competency to stand trial is provided for in Ohio Revised Code Section 2945.37 which states:

" '(A) In a criminal action in a court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. *If the issue is raised before trial,* the court shall hold a hearing on the issue as provided in this section * * * [emphasis added].'

"Also, Ohio Criminal Rule 12(B) states:

" 'Any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion.' "

Upon review of the trial record, we do not find that there was any issue regarding appellant's competency to stand trial before trial began or during trial by oral or written motion or any other fashion. The trial court came to the same conclusion upon an exhaustive review of the entire record.

The appellant in his brief seems to argue that because the record demonstrates that appellant was in fact referred by the trial judge for psychiatric evaluation because of his entering the plea of not guilty by reason of insanity that this is sufficient to raise the issue of his competency to stand trial.

Since a motion was not made before trial, the right to a competency hearing was waived. In *McCane* v. *Alvis* (1954), 98 Ohio App. 506 [58 O.O. 45], the case came to trial and there was no indication of insanity made to the court of common pleas in accordance with R.C. 2945.37. Instead a plea of guilty was offered and sentence was given. The court held that the right the plaintiff had to a sanity hearing was waived by his guilty plea. *Id.* at 508.

Appellant's plea of not guilty by reason of insanity does not automatically trigger the issue of his competency to stand trial. The court in *State* v. *Page* (1967), 11 Ohio Misc. 31 [40 O.O.2d 173], discussed this issue. The court at 33 stated:

"It has been argued that if a defendant pleads not guilty by reason of insanity at the time of the crime, an inquiry should be made at the time of trial to ascertain if he is then sufficiently sane to stand trial. However, the Legislature did not so provide; possibly because in the latter instance (*i.e.* present insanity) the court considers the mental capacity of the defendant from an entirely different viewpoint than the first (*i.e.* insanity at the time of the crime). * * * In any event, the statute provides the manner in which the issue of present insanity can be raised, and the issue can not be raised except in the manner provided."

Clearly a competency hearing is not automatically mandated by virtue of a plea of not guilty by reason of insanity. In order for a competency hearing to take place, a motion for such must be made before trial commencement. In the absence of such motion, no hearing is mandated.

Appellant claims that the psychiatric examination to determine his sanity at the time of the criminal acts was also to determine his competency to stand trial simultaneously. The state contends that appellant's understanding on this issue is totally misconstrued. The order for an examination for not guilty by reason of insanity and competency to stand trial are not synonymous. The latter issue must independently be raised before the court by a proper motion. The examination for the plea of not guilty by reason of insanity was properly made pursuant to R.C. 2945.39. The issue of competency to stand trial should have been raised pursuant to R.C. 2945.37.

The statute provides the presumption that if a person does not raise the issue by motion, either written or oral, then he is competent to stand trial. The record is clear that a motion was never made before trial. Therefore, the appellant was competent to stand trial.

We find that the appellant's claim is without merit.

Appellant also intimates that his counsel was ineffective for failure to file a motion for a competency hearing. Appellant has failed to adequately raise the issue of ineffective assistance of counsel. In *State* v. *Hester* (1976), 45 Ohio St. 2d 71, at 79 [74 O.O.2d 156], the Ohio Supreme Court announced that the test for effective counsel was "* * * whether the accused, under all the circumstances, including the fact that he had retained counsel, had a fair trial and substantial justice was done."

The court in *State* v. *Lytle* (1976), 48 Ohio St. 2d 391 [2 O.O.3d 495], outlined the appropriate issues to be determined, at 396-397, as follows:

"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."

A claim of ineffective assistance of counsel must be raised with sufficient clarity to indicate a substantial violation of an essential duty. *State* v. *Nabozny* (1978), 54 Ohio St. 2d 195 [8 O.O.3d 181].

In *State* v. *Jackson* (1980), 64 Ohio St. 2d 107, at 110 [18 O.O.3d 348], the Supreme Court of Ohio held that the trial court is not required to hold an evidentiary hearing in all post-conviction relief cases:

"A perusal of the above-cited provisions clearly indicates this statute does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required."

We, therefore, find that appellant does not sustain his burden of establishing ineffective assistance of counsel.

There is one further reason why the appellant cannot prevail with his arguments under this assignment of error. Appellant's allegations have been barred by the doctrine of *res judicata*. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings, except on an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment. *State* v. *Perry* (1967), 10 Ohio St. 2d 175 [39 O.O.2d 189]. Constitutional issues cannot be considered in post-conviction proceedings under R.C. 2953.21, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him. The record indicates that appellant was represented by counsel both at trial and appeal. Appellant's constitutional claims do not relate to the processing of his appeal, but rather to events which took place at trial. As such, appellant's claims could and should have been litigated on appeal; therefore, the post-conviction petition was properly dismissed under the doctrine of *res judicata*.

For the foregoing reasons we overrule appellant's assignment of error and accordingly affirm the judgment of the trial court.

*Judgment affirmed.*

O'NEILL, P.J., and COX, J., concur.

O'NEILL, P.J., DONOFRIO and COX, JJ., of the Seventh Appellate District, sitting by assignment in the Eleventh Appellate District.