[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from the Lake County Court of Common Pleas. Appellant, Larry M. Schlee, appeals from a judgment entry dismissing his petition for postconviction relief without a hearing.
On September 18, 1992, appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01 in relation to the death of Frank Carroll ("Carroll"), whose death occurred on or about February 2, 1980. Appellant pleaded not guilty, and the matter proceeded to a jury trial that began on March 23, 1993. On March 31, 1993, the jury returned a guilty verdict, and the trial court sentenced appellant to life in prison with parole eligibility after twenty years. This court affirmed appellant's conviction. State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported.
Appellant filed his petition for postconviction relief on September 23, 1996, alleging ineffective assistance of counsel, and attached numerous affidavits in support of his petition. Appellee timely responded, attaching affidavits to its response. In a judgment entry filed on May 15, 1997, the trial court overruled appellant's petition without holding an evidential hearing. Appellant timely filed a notice of appeal and asserts the following as error:
 "[1.] The defendant-appellant was denied due process of law when the trial court disposed of his petition for postconviction relief without an evidentiary hearing.
 "[2.] The defendant-appellant was denied due process of law when the trial court disposed of his petition for postconviction relief on the basis of res judicata."
Before addressing appellant's assignments of error, we must first clarify the trial court's judgment entry. Appellant asserts that the trial court dismissed appellant's petition on the basis of res judicata. Contrarily, appellee contends that the trial court did not decide this case on the basis of res judicata, but instead "ultimately decided this case on the merits, finding that appellant was not denied the effective assistance of counsel."
The trial court's judgment entry states, "[a]lthough the [c]ourt is persuaded by the [s]tate's argument that the claims for ineffective assistance of counsel made in the petition are barred by the doctrine of res judicata in accordance with the decisions of State v. Cole (1982)[,] 2 Ohio St.3d 112 and State v. Wilcox
(1984), 16 Ohio App.3d 273, the [c]ourt will, to be thorough, address the ineffective assistance of counsel claim." Near the end of the four-page judgment entry, the court stated, "the [c]ourt further finds that the Petition to Vacate or Set Aside Sentence is hereby dismissed under the doctrine of res judicata and dismissed for Petitioner's failure to demonstrate substantive grounds for relief on his claim of ineffective assistance of counsel."
From these two passages, it is apparent that the trial court dismissed appellant's petition on the basis of resjudicata.[1] Furthermore, the court held, as an alternative basis to support its judgment, that appellant's petition did not demonstrate substantive grounds for relief. In summary, the court held that appellant's claim was both barred by res judicata, and was substantively without merit.
For purposes of clarity, we will first address appellant's second assignment of error, in which he asserts that the trial court erred by dismissing his petition for postconviction relief on the basis of res judicata. The Supreme Court of Ohio has held:
 "Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata
is a proper basis for dismissing defendant's petition for postconviction relief." State v. Cole (1982), 2 Ohio St.3d 112, syllabus.
It follows that even if the issue of ineffective assistance of counsel is raised on direct appeal, that issue will not be barred by res judicata in a postconviction relief proceeding if the issue could not have been determined without resort to evidence dehors
the record. State v. Smith (1985), 17 Ohio St.3d 98, 101 n. 1. However, in State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported, at 21, 1993 Ohio App. LEXIS 1485, the court explained that the evidence outside the record "must meet some threshold standard of cogency." This court adopted this analysis by observing:
 "The evidence must be genuinely relevant, and it must materially advance a petitioner's claim that there has been a denial or infringement of his or her constitutional rights. In the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits `evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" State v. Sopjack (Aug. 22, 1997), Geauga App. No. 96-G-2004, unreported, at 8, quoting Coleman, supra, at 21.
In the present case, appellant asserted a claim of ineffective assistance of trial counsel on direct appeal, arguing that "trial counsel's failure to give notice of alibi, pursuant to Crim.R. 12.1, prevented him from presenting and developing an adequate defense." Schlee, supra, at 22. Appellant again asserted ineffectiveness of counsel in his petition for postconviction relief, advancing the following bases of the claim: (1) trial counsel did not file a notice of alibi; (2) one of his trial attorneys worked on the Congressional campaign of Steven C. LaTourette, who was Lake County Prosecutor at the time of appellant's trial; (3) his counsel did not call Dr. Clark, a pathologist, to the stand in his defense; (4) the failure to call Carroll's daughter as a witness; (5) defense counsel forced appellant to testify; (6) the failure to investigate Indian Point Park; and (7) the failure to investigate the disappearance of hairs in the victim's watchband.
In support of his petition, appellant attached the following documents: (1) his own affidavit; (2) the affidavit of Jennifer M. Jones, appellant's niece; (3) the affidavit of Roy Schlee, Sr., appellant's father; (4) the affidavit of Emily Schlee, appellant's grandmother; (5) photocopies of photographs of Indian Point Park, where the murder allegedly occurred, that purportedly show that the park was inaccessible at the time of the murder; and (6) two newspaper articles that state that one of his trial attorneys, Karen Lawson, worked on the congressional campaign of former Lake County Prosecutor Steven C. LaTourette.
In the present case, appellant first asserted that his trial counsel was ineffective by failing to file a notice of alibi pursuant to Crim.R. 12.1. Although appellant raised this same argument on direct appeal, he has supplemented this assertion with his affidavit containing facts outside the trial court record. In his affidavit, appellant claimed that his counsel told him "that they had filed a notice of alibi for my grandmother to testify at my trial, but at trial I found out that they had lied to me and had not filed the notice of alibi."[2] In our view, there would have been no other source of this evidence than appellant's own testimony and/or affidavit; thus, this assertion could not have been raised on direct appeal because it requires consideration of this evidence outside the record. Therefore, appellant's claim of ineffective assistance of counsel on this basis is not barred by res judicata.
Second, appellant asserted in his petition that he was prejudiced by the conflict of interest presented by the participation of his defense counsel in the congressional campaign of Steven C. LaTourette. However, appellant's evidence indicates that LaTourette did not announce his candidacy for Congress until September 1993, nearly six months after the conclusion of appellant's trial. Thus, although this claim is not barred by resjudicata, we do not perceive any possible prejudice to appellant by his counsel's activity in LaTourette's campaign. Therefore, the trial court did not commit error in dismissing this claim.
In the third basis of ineffectiveness of trial counsel, appellant contends that his counsel was ineffective by failing to call Dr. Clark, a pathologist, to the stand, in support of his defense. Appellant's affidavit alleged that he paid $6,000 for Dr. Clark to examine the victim's body and that his attorneys were encouraged by the results of Dr. Clark's report, but that his attorneys did not call Dr. Clark to testify, without explaining the decision to appellant. The affidavits of appellant's father, Roy Schlee, his grandmother, Emily Schlee, and his niece, Jennifer M. Jones, partially corroborate appellant's assertion. However, these claims do not rise to the minimum level of cogency because nothing in these allegations indicates that Dr. Clark would have assisted appellant's defense in any manner. This evidence is exactly the type of "mere hypothesis" that Coleman and Sopjack
were designed to eliminate from the realm of viable claims for postconviction relief. Thus, the court did not err in dismissing this claim on the basis of res judicata.
Fourth, appellant asserted that his counsel was ineffective in failing to call the victim's daughter to testify at trial. In support of this allegation appellant averred that "my attorney's [sic] had my family give them additional monies to bring [Carroll's] daughter from Florida to testify at my trial but once again they kept the mony [sic] and told me they changed their minds." Again, this issue could not have been raised without resort to evidence outside the record. However, appellant has not alleged any possible evidence that the victim's daughter might have provided that would have been beneficial to appellant's defense; thus, this allegation does not present the minimum level of cogency required to overcome the bar of res judicata.
In the fifth argument of ineffective assistance of counsel, appellant asserts that his trial counsel improperly forced him to testify. In his affidavit in support of his postconviction relief petition, appellant stated that "[m]y attorney's [sic] told me that if I did not testify at my trial they would withdraw because it would be against their trial strategy." Again, this evidence could not have appeared in the trial record, thus, appellant could not have raised this assertion on direct appeal. Therefore, this argument of ineffective assistance is not barred by res judicata.
In the sixth contention of ineffective assistance, appellant claims that his trial counsel failed to properly investigate whether Indian Point Park, where the murder allegedly occurred, was open to the public at the time of the murder. In support of this argument, appellant attached photographs of the park, including a sign indicating that the park's gates opened daily at 8:00 a.m. and closed one-half hour after sunset. Appellant could not have submitted these photographs at the trial court or on direct appeal. However, in our view, this evidence does not meet the minimum level of relevance required to demonstrate a cognizable claim because these photos do not demonstrate that appellant could not have entered the park on the date in question, and are not authenticated.
In his seventh assertion, appellant argues that his counsel was ineffective by failing to investigate the disappearance of hairs in the victim's watchband. Similar to appellant's other arguments, this issue could not have been adequately raised on direct appeal, and, therefore, is not barred by res judicata.
In summary, the only aspects of appellant's petition that are barred by res judicata are: (1) the purported conflict of interest created by his attorney's participation in LaTourette's campaign for the House of Representatives; (2) the failure to call Dr. Clark at trial; (3) the issue of the accessability of Indian Point Park; and (4) the failure to call the victim's daughter to testify. The following allegations required reliance on evidencedehors the record, and therefore, are not subject to preclusion on the basis of res judicata: (1) the failure to file a notice of alibi; (2) that appellant's trial counsel forced appellant to testify; (3) the failure to investigate the disappearance of hairs on the victim's watchband. Appellant's second assignment of error is well-taken to this extent.
In the first assignment of error, appellant asserts that the trial court did not make adequate findings of facts and conclusions of law. We agree. Because we have concluded that the trial court improperly dismissed several aspects of appellant's petition on the basis of res judicata, the issue becomes whether appellant's petition set forth substantive grounds for relief that require holding an evidential hearing. R.C. 2953.21(C). However, in order to conduct a proper substantive review of this decision, we must analyze the trial court's findings of fact and conclusions of law.
When dismissing a petition for postconviction relief without a hearing, a trial court must issue findings of fact and conclusions of law. R.C. 2953.21(C); State v. Lester (1975), 41 Ohio St.2d 51, paragraph two of the syllabus. The Supreme Court of Ohio has explained:
 "The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." State v. Mapson
(1982), 1 Ohio St.3d 217, 219.
In State v. Clemmons (1989), 58 Ohio App.3d 45, 46, the court held:
 "Findings of fact and conclusions of law should be clear, specific and complete. The test of their adequacy is `whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision and whether they are supported by the evidence.' * * * The findings and conclusions of the trial court should respond to all material or determinative issues in the case so that an appellate court can determine the basis for the judgment. They should be `(* * *) explicit enough to give the appellate court a clear understanding of the basis for the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision. * * *'" (Citations omitted.) See, also, State v. Calhoun
(June 30, 1998), Lake App. No. 97-L-063, unreported, at 9-10.
In the case at bar, the trial court's findings of fact and conclusions of law are inadequate in this court. Although the judgment entry lists each of appellant's allegations of ineffective assistance, the court did not address them individually. The court simply concluded that "[t]he material presented clearly shows that counsel made reasonable determinations and decisions in the investigation in this matter and in the presentation of evidence." With this statement, the trial court determined that appellant's petition did not present substantive grounds in his petition to require an evidential hearing.[3] Thus, the trial court did not "respond to all material or determinative issues in the case" as required byClemmons. Accordingly, appellant's first assignment of error is well-taken to the extent that the trial court did not address each of appellant's allegations of ineffective assistance of counsel.
For the foregoing reasons, appellant's first assignment of error is with merit to the extent that the trial court's judgment entry did not address all of his claims. Furthermore, appellant's second assignment of error is also with merit since all of his claims of ineffective assistance of counsel are not barred by resjudicata. The judgment of the trial court is reversed, and this matter is remanded so that the trial court can file findings of fact and conclusions of law that address each of appellant's claims that are not barred by res judicata pursuant to this opinion. ________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., concurs in judgment only,
NADER, J., concurs.
[1] In its judgment entry, the trial court stated that appellant "did not raise the issue of ineffective assistance of counsel in his appeal of this matter." This conclusion is incorrect because appellant raised this issue in his sixth assignment of error on direct appeal. Schlee, supra, at 21-24.
[2] Appellant also presented the affidavit of his grandmother, Emily Schlee, in support of his alibi.
[3] The trial court did, however, specifically address the conflict of interest argument, which, as previously stated in this opinion, was properly dismissed on the basis of resjudicata. That issue aside, the judgment entry contains no analysis of each of appellant's claims.