DECISION AND JUDGMENT ENTRY
{¶ 1} Gregory B. McKnight appeals the trial court's judgment denying his post-conviction relief petition. He asserts that the trial court erred by dismissing his petition without holding an evidentiary hearing, that Ohio's post-conviction procedure is constitutionally inadequate, and that cumulative errors entitle him to post-conviction relief, or at a minimum, a post-conviction hearing. Because the trial court did not enter sufficient findings of fact and conclusions of law, its entry denying McKnight's post-conviction relief petition is not a final appealable order. Thus, we lack jurisdiction over this appeal, and we cannot consider the merits of this appeal. Accordingly, we dismiss McKnight's appeal. I. {¶ 2} On March 10, 2006, the trial court dismissed McKnight's post-conviction relief petition. The court determined that res judicata barred McKnight's first, second, sixth, seventh, eighth, twelfth, and thirteenth grounds for relief and that he failed to produce sufficient credible evidence to establish any substantive grounds for relief. The court's entry reads:
 This matter comes on for consideration of Petitioner's Post-Conviction Petition filed January 9, 2004, Amendment filed February 9, 2004, and Amendment filed November 4, 2005. The Court has considered the petition, as amended, the State's Motion To Dismiss filed February 27, 2004, the State's Supplemental Memorandum filed February 10, 2006, the State's Motion to Dismiss filed February 10, 2006, the Petitioners' Memorandum Contra To the State's Supplemental Memorandum filed February 22, 2006, the Petitioner's Memorandum Contra to the State's Motion To Dismiss filed February 22, 2006, depositions of trial counsel, supporting affidavits and documentary evidence, and the record.
 The Court finds that the doctrine of res judicata applies to Petitioner's First, Second, Sixth, Seventh, Eighth, Twelfth and Thirteenth grounds for relief.
 The Court finds that Petitioner has not produced sufficient credible evidence to establish substantive grounds for relief as to any of his fifteen grounds.
 It is therefore ordered:
 Petitioner's Post-Conviction Petition, as amended, is hereby Dismissed, without an evidentiary hearing.
 {¶ 3} McKnight appeals and raises the following assignments of error: "I. The trial court erred by dismissing appellant's post-conviction petition, where he presented sufficient operative facts and supporting exhibits to merit at minimum an evidentiary hearing and discovery. II. Ohio's post-conviction procedures neither afford an adequate corrective process nor comply with due process and equal protection under the Fourteenth Amendment. III. Considered together, the cumulative errors set forth in appellant's substantive grounds for relief merit reversal or remand for a proper post-conviction process."
 II. {¶ 4} Initially, we must address a threshold jurisdictional issue. A decision or order dismissing a petition for post-conviction relief is not a final appealable order until the trial court files the requisite findings of fact and conclusions of law. See State v. Lester (1975),41 Ohio St.2d 51, 55; State v. Floyd (Feb. 26, 1992), Scioto App. No. 91 CA 1992. When a trial court dismisses a post-conviction relief petition without holding an evidentiary hearing, it must enter findings of fact and conclusions of law. R.C. 2953.21(C) ("If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."); Lester at paragraph two of the syllabus (holding that findings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition). In State v. Mapson (1982), 1 Ohio St.3d 217, 219, the court stated:
 The obvious reasons for requiring findings are `* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.' Jones v. State (1966), 8 Ohio St.2d 21, 22. The exercise of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.
 {¶ 5} While a trial court need not discuss every issue that the petitioner raises or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law, its findings must be sufficiently comprehensive and pertinent to the issues to form a basis upon which the evidence supports the conclusion. See State v. Calhoun
(1999), 86 Ohio St.3d 279, 291-292. Moreover, "[a] trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur." Id. at 284-85.
 {¶ 6} In Calhoun, the court found that the trial court set forth sufficient findings of fact and conclusions of law. The court explained:
 In a three-page opinion, the trial court below outlined the procedural history, set forth the appropriate legal standards, and addressed defendant's claims. Having sufficiently reviewed the petition and supporting documents, the trial court concluded that defendant's guilty plea was appropriately obtained and it would be improper to vacate the plea. Thus, the court found that the petition did not set forth substantive grounds for relief. The trial court's findings of fact and conclusions of law were adequate in conveying to the court of appeals the basis for its decision.
Id. at 292.
 {¶ 8} Similarly, in State ex rel. Carrion v. Harris (1988),40 Ohio St.3d 19, the court found that the trial court entered sufficient findings of fact and conclusions of law where the trial court's entry stated:
 Request for hearing denied. Petition for post-conviction relief denied on the basis of res judicata; see State v. Wilcox (1984), 16 Ohio App.3d 273 [16 OBR 298, 475 N.E.2d 516]. All of the issues in Defendant's petition were or could have been raised in Defendant's direct appeal wherein the Court of Appeals found that the Defendant understood the consequences of his plea; see C.A. # 3958.
 {¶ 8} Similarly, in State v. Pordash, Lorain App. No. 05CA8673, 2005-Ohio-4252, the court found that the trial court entered sufficient findings of fact and conclusions of law. The court noted:
 [T]he trial judge included the following commentary in its journal entry denying Defendant's petition for post-conviction relief: "(1) Defendant's claims were either addressed on direct appeal by new counsel, or could have been. As such, said claims are barred as res judicata. (2) Defendant has failed to support his motion with competent evidence sufficient to demonstrate ineffectiveness of his trial attorney or that the defense was prejudiced by it. Failure by trial counsel to present alleged evidence challenging the credibility of one of the three victims falls within trial tactics. Furthermore, said alleged credibility evidence fails to demonstrate that the results of the proceedings would have been different or that the [D]efendant was prejudiced." (Citations omitted).
Id. at ¶ 7. The court recognized that the trial court did not entitle its entry "findings of fact and conclusions of law," but nonetheless concluded that the trial court provided enough information to apprise the defendant of the reasons it was denying his post-conviction relief petition.
 {¶ 9} In contrast, in State v. Bren (June 29, 1999), Harrison App. No. 496, the appellate court found the trial court's findings of fact and conclusions of law insufficient. The trial court's decision stated:
 Defendant was fully and completely represented by both court appointed counsel and counsel retained by his family. His interests and constitutional rights were fully protected by the effective assistance of counsel. The Defendant does not present any new issues or any other grounds ripe for examination.
 {¶ 10} In finding the court's judgment entry insufficient, the court of appeals explained:
 The substantive grounds for appellant's petition were that he was denied the effective assistance of counsel. Specifically, appellant asserts in the petition that he was on psychiatric medication, that his attorneys failed to conduct an investigation, and that his attorneys failed to share with appellant the results of a coroner's report. The trial court's entry dismissing the petition simply states that appellant received effective assistance of counsel. There is no discussion of the specific factual matters raised by appellant in the petition, nor does the entry make reference to that portion of the file or record that supports the trial court's findings in this respect. Furthermore, the trial court's entry fails to provide any basis upon which this court might conduct meaningful appellate review. We therefore hold that the trial court's judgment entry dismissing appellant's petition is insufficient to comprise the requisite findings of fact and conclusions of law required by R.C. 2953.21(C).
 {¶ 11} This court has addressed the sufficiency of a trial court's findings of fact and conclusions of law in a post-conviction proceeding on a few occasions.
 {¶ 12} In State v. Norman (Mar. 5, 1998), Scioto App. No. 96CA2467, we concluded that the trial court's findings of fact and conclusions of law did not sufficiently apprise appellant or this court of the grounds for the trial court's decision. We stated:
 The court's entry does not examine the nature of appellant's plea agreement and plea. Additionally, we believe that the claims appellant raises in his petition and on appeal essentially challenge the validity of his guilty plea. The trial court's entry provides no findings of fact or conclusions of law regarding the validity of appellant's guilty plea.
 {¶ 13} In State v. Smith (Mar. 3, 1998), Jackson App. No. 97CA807, we again concluded that the trial court did not enter sufficient findings of fact and conclusions of law. We stated:
 Although the trial court's entry determines that appellant knowingly and voluntarily entered his guilty plea and that appellant understood the consequences of pleading guilty, the court's entry does not examine whether the alleged undisclosed, exculpatory information that appellant acquired after he was sentenced affected the validity of his guilty plea. Finally, the trial court's entry fails to discuss whether appellant received ineffective assistance of counsel.
 {¶ 14} Likewise, in State v. Floyd (Feb. 26, 1992), Scioto App. No. 91CA1992, we concluded that the trial court did not enter sufficient findings of fact and conclusions of law where the trial court's judgment entry stated:
 Upon analysis of Petitioner's memorandum and accompanying affidavits, of the transcripts of trial, 90-CR-68, State v. Floyd, and of all other pertinent records, the Court hereby finds petitioner's 2953.21 action not well taken.
 According to the standard imparted by the United States Supreme Court in Strickland v. Washington, 466 US 668 (1984), as followed by the Ohio Supreme Court in State v. Bradley[,] 42 Ohio St.3d 137 (1989), petitioner's counsel was not demonstrably ineffective. As noted in Strickland, for counsel to be ruled ineffective by the Court, there must have resulted a "breakdown in the adversarial process." Strickland at 694. Recent Ohio case law bolsters this position. See State v. Wickline[,] 50 Ohio St.3d 114 (1990), State v. Tyler[,] 50 Ohio St.3d 24 (1990). In petitioner's case there was no such "breakdown"; therefore his petition states no actionable grounds for vacating or setting aside his guilty plea, which, as petitioner admits and the records manifest, was given openly of his own accord, in a court of law.
 Moreover, the Court finds that petitioner is not entitled to a hearing on his 2953.21 petition in that he failed to submit evidence that demonstrated lack of effective counsel resulting in a defense that was prejudicial. State v. Pankey, 68 Ohio St.2d 58 (1981).
 {¶ 15} We concluded:
 The judgment entry of the trial court below, is fairly viewed, simply a conclusion that appellant is entitled to no relief but sets forth no factual basis for such conclusion from which the reasoning of the court can be ascertained. It is not the function of this court on appeal to flyspeck the record for a possible basis to support the trial court's judgment.
{¶ 16} Here, the trial court's findings of fact and conclusions of law are sufficient with respect to the claims it found barred by res judicata. See Carrion, supra. However, its remaining findings of fact and conclusions of law are insufficient to provide a meaningful basis for appellate review. The trial court's conclusory finding that sufficient evidence fails to support any of McKnight's fifteen claims does not provide this court with adequate reasons to evaluate whether the trial court erred in its decision. See Norman; Smith; Floyd. The trial court provided a bare conclusion that McKnight failed to present sufficient, credible evidence. The trial court offered no further explanation or reasoning to enable this court to review that conclusion. Moreover, while the trial court apparently discounted the credibility of McKnight's affidavits submitted in support of his petition, the court did not explain the basis for doing so in its findings of fact and conclusions of law. See Calhoun, supra (stating that trial court should explain the reason for discounting the credibility of affidavits in its findings of fact and conclusions of law).
 {¶ 17} Accordingly, we lack jurisdiction to consider this appeal, and we must dismiss it.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.