DECISION AND JUDGMENT ENTRY
{¶ 1} This is a pro se accelerated appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's motion to vacate or modify his sentence pursuant to R.C. 2953.21. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} This matter arises from two cases which were consolidated by this court for purposes of appeal. On October 22, 2004, in trial court case no. CR04-3205, appellant was indicted on one count of possession of crack cocaine in violation of R.C. 2925.11(A) *Page 2 
and (C)(4)(e) and one count of trafficking in cocaine in violation of R.C. 2925.11(A)(2) and (C)(4)(g). Appellant entered a guilty plea to the possession count. A nolle prosequi was entered as to the trafficking count at sentencing. On April 27, 2005, in trial court case no. CR05-2043, appellant was indicted on one count of possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(f) along with a major drug offender specification pursuant to R.C. 2941.1410. Appellant entered a no contest plea to the charge.
 {¶ 3} Appellant's pleas were accepted and he was found guilty of the charges. On June 21, 2005, he was sentenced to three years imprisonment for the possession charge in case no. CR04-3205 and five years for the possession charge in case no. CR05-2043. The sentences were ordered to be served consecutively.
 {¶ 4} Appellant did not file a direct appeal, but on December 15, 2005, he filed a pro se "Motion to Vacate Set Aside or Modify Sentence Pursuant to [R.C] 2953.21 and/or [R.C] 2929.14(B)." Appellant essentially argued that he should have received the minimum sentence for each conviction, with the sentences ordered to be served concurrently. The trial court construed the motion as a petition for postconviction relief and, on July 20, 2006, dismissed it on the basis of res judicata, finding that appellant could have raised his claims on direct appeal.
 {¶ 5} On appeal, appellant argues that res judicata does not apply in his case. Appellant supports this claim by asserting that his arguments could not have been raised *Page 3 
on direct appeal because his counsel failed to file an appeal, and because his petition was timely filed.
 {¶ 6} The trial court was correct in finding that res judicata applies in this case. As stated by the Supreme Court of Ohio in State v.Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The Perry court explained: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trialwhich resulted in that judgment of conviction or on an appeal from thatjudgment." Perry at 180. (Emphasis added.) Therefore, the principles of res judicata may be applied to bar further litigation in a criminal case of issues which were raised or could have been raised previously in an appeal. We note also that the res judicata bar applies even where, as here, no direct appeal was taken. See, e.g., State v. Lovely (Sept. 12, 1997), 2nd Dist. No. 96CA142.
 {¶ 7} The trial court did not err by denying appellant's petition for postconviction relief and, accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 8} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County. *Page 4 
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., JUDGE
William J. Skow, J., JUDGE
Thomas J. Osowik, J., JUDGE
 CONCUR. *Page 1