[Cite as *State v. Lampley*, 2011-Ohio-1204.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-106 |
| THOMAS LAMPLEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Richland County Court of
                                  Common Pleas Case No. 09-CR-650 D

JUDGMENT:                         AFFIRMED

DATE OF JUDGMENT ENTRY:           March 9, 2011

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:
JAMES J. MAYER, JR.                     THOMAS J. LAMPLEY, pro se
Richland County Prosecutor              Inmate No. 582-243
38 S. Park St.                          Lorain Correctional Institution
Mansfield, Ohio 44902                   2075 S. Avon Belden Rd.
                                        Grafton, Ohio 44044

BRENT ROBINSON 0063166
Assistant Prosecuting Attorney
Counsel of Record

*Delaney, J.*

{¶1} Defendant-Appellant, Thomas Lampley, appeals the judgment and conviction of the Richland County Court of Common Pleas, denying his post-conviction petition alleging ineffective assistance of counsel.

{¶2} Appellant was originally indicted on and convicted of murder with a gun specification, having a weapon under disability, and tampering with evidence. On March 2, 2010, Appellant was sentenced to 15 years to life with a three year gun specification, plus three years for the weapon under disability charge and two years for the tampering with evidence charge, all to be run consecutively.

{¶3} On March 10, 2010, Appellant filed a notice of Appeal with this Court in case no. 10-CA-30. Subsequently, on April 26, 2010, Appellant filed in the trial court a petition to vacate or set aside his sentence with accompanying motions for appointment of counsel and expert witnesses.

{¶4} The motion for post-conviction relief did not contain any affidavits in support of his petition. The hearing was set for June 15, 2010.

{¶5} On August 10, 2010, the trial court overruled Appellant's petition for post-conviction relief. On October 29, 2010, this Court dismissed Appellant's direct appeal for failure to prosecute because Appellant failed to submit a brief.

{¶6} Appellant now appeals the trial court's August 10, 2010, denial of his motion for post-conviction relief.

{¶7} Appellant raises one Assignment of Error, though he does not couch it as an "ASSIGNMENT OF ERROR." Appellant repeatedly argues throughout his brief that trial counsel was ineffective for numerous reasons, which he attempts to discuss in his

brief. Accordingly, we will address Appellant's assignment of error as though he is raising a claim of ineffective assistance of trial counsel.

I.

{¶8} In Appellant's assignment of error, he argues that trial counsel was ineffective in representing Appellant at trial. We disagree.

{¶9} Ohio R.C. 2953.21 governs the filing of post-conviction petitions as follows:

{¶10} "(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, and for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other

appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶11} "(b) As used in division (A)(1)(a) of this section, "actual innocence" means that, had the results of the DNA testing conducted under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code been presented at trial, and had those results been analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted, or, if the person was sentenced to death, no reasonable factfinder would have found the petitioner guilty of the aggravating circumstance or circumstances the petitioner was found guilty of committing and that is or are the basis of that sentence of death.

{¶12} "(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶13} * * *

{¶14} "(4) A petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as

provided in section 2953.23 of the Revised Code, any ground for relief that is not so stated in the petition is waived."

{¶15} Having had a prior opportunity to litigate all of the claims that Appellant sets forth in his latest motion, via a timely direct appeal, Appellant's most recent round of arguments are barred under the doctrine of res judicata. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Perry court explained the doctrine as follows:

{¶16} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

{¶17} The trial court determined that the doctrine of res judicata applies in the instant case, as Appellant did not set forth competent, credible, relevant and material evidence from outside the record. The trial court further determined that Appellant's complaints were available to raise both at the time of trial and on direct appeal.

{¶18} Because post-conviction relief is a collateral attack on judgment, and provided there was no substantive grounds for relief, Appellant was not entitled to court-appointed counsel, an expert, or a hearing. Trial courts may dismiss petitions for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun* (1999), 86 Ohio.St.3d 279, 286, 1999-Ohio-102, 714 N.E.2d 905,

{¶19} In *State v. Wilcox*, the court held that constitutional issues cannot be considered in post-conviction proceedings when they could have been litigated prior to or during trial or on direct appeal. *State v. Wilcox* (1984), 16 Ohio App.3d 273, 276, 475 N.E.2d 516.

{¶20} Res judicata applies even though Appellant never pursued his direct appeal. "The res judicata bar applies even where, as here, no direct Appeal was taken." *State v. Barfield*, 6th Dist. No. Nos. L-06-1262, L-06-1263, 2007-Ohio-1037, ¶6.

{¶21} In his post-conviction petition, Appellant argues various reasons that trial counsel was ineffective. The basis for his claims revolve around trial counsel's alleged failure to investigate mitigating circumstances, to examine other lines of defense (self-defense), to investigate "all evidence within the scope of his duty proceeding to trial," and the Court's declination to order a PSI prior to sentencing.

{¶22} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that his trial counsel acted incompetently. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689, quoting *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 164.

{¶23} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in

the same way." *Strickland*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." Id. at 690.

{¶24} Even if a defendant shows that his counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

{¶25} We find nothing in the record indicating that trial counsel acted ineffectively, nor has Appellant provided any credible evidence outside the record to support his claims.

{¶26} For the foregoing reasons, Appellant's arguments are overruled.

{¶27} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.

Wise, P.J. and

Edwards, J. concur.

_____
 HON. PATRICIA A. DELANEY

_____
 HON. JOHN W. WISE

_____
 HON. JULIE A. EDWARDS

[Cite as *State v. Lampley*, 2011-Ohio-1204.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THOMAS LAMPLEY | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-106 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS