[Cite as *State v. Andrews*, 2020-Ohio-605.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-19-049

    Appellee                                    Trial Court No. 18 CR 639

v.

Allan D. Andrews                              **DECISION AND JUDGMENT**

    Appellant                                   Decided:  February 21, 2020

* * * * *

Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Allan D. Andrews, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated, pro se appeal from a November 8, 2019 judgment of

the Sandusky County Court of Common Pleas, denying appellant's pro se motion to

vacate sentence arising from appellant's December 21, 2018 voluntary plea agreement.

{¶ 2} Pursuant to the joint plea agreement, appellant pled guilty to three counts of aggravated trafficking in drugs, in violation of R.C. 2925.03, felonies of the third degree. In exchange, the three additional counts of aggravated trafficking in drugs, in violation of R.C. 2925.03, felonies of the second degree, were dismissed. In addition, the parties presented joint, written sentencing recommendations to the trial court.

{¶ 3} On December 21, 2018, the trial court accepted and adopted the joint sentencing recommendation of the parties. Accordingly, appellant was sentenced to a seven-year term of incarceration. The sentence did not deviate from any of the agreed-upon terms, although the parties had acknowledged that the sentencing recommendations were not binding upon the trial court. No direct appeal was taken in this case.

{¶ 4} On November 6, 2019, nearly a year after appellant's App.R. 4(A) deadline for direct appeal had expired, appellant filed a motion to vacate the above-described, jointly negotiated and adopted by the trial court, sentence.

{¶ 5} On November 8, 2019, appellant's motion was denied on a res judicata basis. This appeal ensued. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 6} Appellant, Allan Andrews, sets forth the following assignment of error:

One: The trial [c]ourt erred in all bases of its denial of defendant[']s motion to vacate sentence.

{¶ 7} In the sole assignment of error, appellant asserts that the trial court erred in the denial of appellant's pro se motion to vacate the sentence. We do not concur.

2.

**{¶ 8}** App.R. 4(A) establishes that, "A party shall file the notice of appeal required by App.R. 3 within 30 days of the later of the entry of judgment or order appealed." As applied to the instant case, an appeal of this case needed to have been filed on or before January 20, 2019. The subject notice of appeal was filed on November 22, 2019, more than ten months after the expiration of the filing deadline.

**{¶ 9}** R.C. 2953.08(D)(1) establishes that, "A sentence imposed upon a defendant *is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by sentencing judge*." (Emphasis added).

**{¶ 10}** The record reflects that the underlying felony sentence was authorized by law, was jointly recommended by the parties, and was adopted and imposed by the sentencing judge. As such, the instant case is not subject to further felony sentence review pursuant to the plain language of R.C. 2953.08(D)(1).

**{¶ 11}** In addition to the above-described statutory prohibition of this appeal, *State v. Barfield*, 6th Dist. Lucas No. L-06-1262/1263, 2007-Ohio-1037, unequivocally held at ¶ 6, "[T]he principles of res judicata may be applied to bar further litigation in a criminal case of issues which were raised, or could have been raised, previously in an appeal. *We note also that the res judicata bar applies even where * * * no direct appeal was taken*." (Emphasis added).

**{¶ 12}** Similarly, as the Ohio Supreme Court held in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 34, "The [law of the case] doctrine

retains its vitality in Ohio * * * [I]t precludes a litigant from attempting to rely on arguments which were fully pursued, or available to be pursued, on a first appeal * * * [N]ew arguments are subject to issue preclusion, and are barred."

{¶ 13} Moreover, as stated, appellant failed to file a direct appeal of the trial court's judgment of conviction imposing a seven-year sentence. Because appellant failed to file a direct appeal, res judicata bars appellant from raising any issue in a subsequent appeal or trial court proceeding, that could have been raised on direct appeal. As such, any issue raised in the November 6, 2019 motion to vacate his conviction, is barred by res judicata since the issues raised in the November 6 motion could have been raised on direct appeal. Accordingly, we find that the trial court did not err in finding that the issues raised in appellant's motion to vacate his sentence were barred by res judicata.

{¶ 14} We have reviewed and considered this matter. We find that this appeal is prohibited by R.C. 2953.08(D)(1), App.R. 4(A) and res judicata. Accordingly, we find this matter to be without merit and appellant's sole assignment of error is found not well-taken.

{¶ 15} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 4.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.